IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| REVZIP, LLC AND POWER HOUSE SUBS CORPORATE, LLC, | ) | Case No. 3:19-cv-191 |
| | ) | |
| Plaintiffs, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL MCDONNELL d/b/a SUBPREME FUNDRAISNG AND CATERING, CHRISTOPHER MCDONNELL, JACOB BEARER, DANA BEARER, SUPREME FUNDRAISING AND CATERING, LLC, POWER HOUSE ENTERPRISES, LLC, POWER HOUSE II, LLC, AND POWER HOUSE CATERING, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Pending before the Court are two motions: (1) Plaintiffs Revzip, LLC and Power House Subs Corporate, LLC's (collectively, "Plaintiffs") "Motion to Compel Production of Documents by John Macak." (ECF No. 136). And (2) Plaintiffs' "Motion to Strike Defendants' Response to Plaintiffs' Motion to Compel Production of Documents from John Macak." (ECF No. 140). Defendants Michael McDonnell, Christopher McDonnell, Dana Bearer, Jacob Bearer, Supreme Fundraising and Catering, LLC, Power House Enterprises, LLC, Power House II, LLC, and Power House Catering, LLC (collectively, "Defendants") oppose both motions. (ECF Nos. 137, 141).

For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' motion to compel at ECF No. 136, and **GRANTS** Plaintiffs' motion to strike at ECF No. 140.

I.      **Background**

On July 7, 2021, Plaintiffs served a subpoena on a non-party named John Macak, commanding him to appear for a deposition and to produce certain documents including electronically stored text messages. (ECF No. 136-1). Mr. Macak appeared for his deposition on July 16, 2021, but he failed to produce the text messages sought in the subpoena. (ECF Nos. 136-1, 136-2). Plaintiffs sent a demand letter to Mr. Macak on March 29, 2022, requesting that he produce the responsive text messages. (ECF No. 136-3). On April 28, 2022, having received no response to their demand letter, Plaintiffs emailed Mr. Macak and again demanded that he produce the messages. (ECF No. 136-4). On June 15, 2022, Plaintiffs sent yet another demand letter to Mr. Macak in which they noted their unsuccessful attempts to reach him by telephone on June 14, 2022, and June 15, 2022. (ECF No. 136-5).

On July 13, 2022, Plaintiffs motioned for the Court to compel Mr. Macak to comply with the subpoena and produce the responsive text messages. (ECF No. 136). Plaintiffs also asked the Court to order Mr. Macak to pay them for attorneys' fees incurred in bringing this motion. (*Id.* at 3). On July 18, 2022, Defendants filed a response explaining that Mr. Macak could not produce the text messages because Mr. Macak had long since deleted those messages. (ECF No. 137 at 15). On July 26, 2022, Plaintiffs moved to strike Defendants' response at ECF No. 137, arguing that Defendants lack standing to challenge their motion to compel because Defendants do not represent Mr. Macak. (ECF No. 140). Defendants replied to Plaintiffs' motion to strike on August 1, 2022. (ECF No. 141).

II.     **Discussion**

-2-

The Court must first resolve Plaintiffs' motion to strike because its resolution of that motion will determine the filings that the Court may consider in resolving Plaintiffs' motion to compel. As explained below, the Court grants Plaintiffs' motion to strike and, accordingly, does not consider Defendants' filing at ECF No. 137 in its examination of Plaintiffs' motion to compel. The Court then grants the motion to compel, but it does not order Mr. Macak to pay Plaintiffs for attorneys' fees incurred in bringing the motion.

### A.  Plaintiffs' Motion to Strike (ECF No. 140)

The Court grants Plaintiffs' motion to strike Defendants' response at ECF No. 137 (ECF No. 140) because Defendants lack standing to challenge a motion to compel directed at Mr. Macak.

Generally, "a party does not have standing to quash a subpoena served on a third party." *First Sealord Surv. v. Durkin & Devries Ins. Agency*, 918 F. Supp. 2d 362, 382 (E.D. Pa. 2013) (citation omitted). Thus, "[o]rdinarily, only the non-parties whom were served with the subpoenas may move to have them quashed under Federal Rule of Civil Procedure 45(c)(3)(A)." *Id.* (citation omitted). An exception to this rule permits a party to move to quash when it "claims 'some personal right or privilege in respect to the subject matter of a subpoena duces tecum directed to a nonparty.'" *Id.* (citing *Davis v. Gen. Accident Ins. Co. of Am.*, No. 98-CV-4736, 1999 WL 228944, at *2 (E.D. Pa. Apr. 15, 1999)).

Mr. Macak is not a party to this case, and Defendants do not assert that they have "some personal right or privilege in respect to the subject matter of a subpoena duces tecum" directed at him. *Davis*, 1999 WL 228944, at *2. Nonetheless, Defendants assert that this Court "generally permits non-moving parties to respond to a moving party's motion to compel that is directed to

-3-

a non-party." (ECF No. 141 at 5). Defendants support this assertion with *Gen. Nutrition Corp. v. Gardere Wynne Sewell, LLP*, No. 2:08-CV-831, 2010 WL 457532 (W.D. Pa. Feb. 2, 2010), where the Court considered arguments raised in a defendant's reply brief when ruling on a motion to compel discovery from nonparties. *Id.* at *2. In that case, the Court did not cite to any legal authority permitting parties to respond to such motions, and its erroneous endorsement of that proposition finds no support in Third Circuit case law. No court has treated *Gen. Nutrition* as a basis for allowing parties to reply for non-parties absent a personal right or privilege since the case was decided in 2010, and the Court will not treat it as one now.

Defendants' other arguments on this issue are similarly unavailing. They argue that (a) their response was proper because it was timely, (ECF No. 141 at 4), and (b) it was "necessary" for Defendants to raise material omissions in Plaintiffs' filing to the Court's attention. (*Id.* at 6–7). Neither of these arguments shows that the personal-right-or-privilege exception or some other basis for avoiding the general prohibition stated above applies here. Because the Court finds no ground for standing on Defendants' part, the Court will grant Plaintiffs' motion to strike Defendants' response at ECF No. 137. (ECF No. 140).

### B. Plaintiffs' Motion to Compel (ECF No. 136)

Having struck Defendants' filing at ECF No. 141, the Court will resolve Plaintiffs' motion to compel at ECF No. 136 based only on those arguments Plaintiffs raise therein. For the following reasons, the Court will order Mr. Macak to comply with the subpoena but will not presently order him to pay Plaintiffs' related attorneys' fees.

Federal Rule of Civil Procedure 45 provides protections for non-parties subject to a subpoena. *See* Fed. R. Civ. P. 45(d). After being served with a subpoena, a non-party may object

to producing any or all of the requested information by serving a written objection on the party or person designated in the subpoena. *Id.* An objection must be served to the subpoenaing party within fourteen days after the subpoena is served. *In re Domestic Drywall Antitrust Litig.*, 300 F.R.D. 234, 238 (E.D. Pa. 2014) (citing FED. R. CIV P. 45(d)(2)(B)). Alternatively, a subpoenaed non-party may bypass objecting to the subpoena altogether and, instead, seek to have it quashed by filing a motion with the issuing court. *Id.* at 238–39.

It is clear that Mr. Macak is obligated to comply with the subpoena issued on July 7, 2021. (ECF No. 136-1). The following facts are not in dispute: Plaintiffs subpoenaed Mr. Macak, a non-party, under Rule 45; that subpoena required Mr. Macak to produce certain text messages; Mr. Macak has not produced these messages; and he has neither timely objected to the subpoena nor moved to quash it. Given these facts, the Court finds that Mr. Macak has no basis for avoiding his obligation to comply with Plaintiffs' subpoena. It will therefore grant Plaintiffs' motion to compel at ECF No. 136.

However, the Court will not grant the request for attorneys' fees included in Plaintiffs' motion to compel. (ECF No. 136 at 3). Subsection (g) of Rule 45 provides that the Court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." FED. R. CIV. P. 45(g). However, "[i]t is rare . . . in civil litigation for a Court to 'use contempt sanctions without first ordering compliance with a subpoena.'" *N. Am. Co. for Life and Health Ins. v. Fuhrmeister*, No. 14-CV-2823, 2015 WL 5460586, at *2 (E.D. Pa. Sept. 17, 2015) (citing FED. R. CIV. P. 45, Subsection (g) Advisory Committee Notes). Because the Court is only now ordering Mr. Macak to comply with Plaintiffs' subpoena, it will deny Plaintiffs'

request for sanctions without prejudice.  The Court will consider a renewed motion for sanctions

should Mr. Macak fail to comply with this Opinion and accompanying Order.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| REVZIP, LLC AND POWER HOUSE SUBS CORPORATE, LLC, | ) ) ) | Case No. 3:19-cv-191 |
| Plaintiffs, | ) ) | JUDGE KIM R. GIBSON |
| v. | ) ) | |
| MICHAEL MCDONNELL d/b/a SUBPREME FUNDRAISNG AND CATERING, CHRISTOPHER MCDONNELL, JACOB BEARER, DANA BEARER, SUPREME FUNDRAISING AND CATERING, LLC, POWER HOUSE ENTERPRISES, LLC, POWER HOUSE II, LLC, AND POWER HOUSE CATERING, LLC, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**ORDER**

**AND NOW**, on this 21ˢᵗ day of February, 2023, **IT IS HEREBY ORDERED** that Plaintiffs' "Motion to Strike Defendants' Response to Plaintiffs' Motion to Compel Production of Documents from John Macak," (ECF No. 140), is **GRANTED**.  The Court directs the Clerk of Court to strike Defendants' filing at ECF No. 137 from the record.

**IT IS FURTHER ORDERED** that Plaintiffs' "Motion to Compel Production of Documents by John Macak," (ECF No. 136), is **GRANTED IN PART** and **DENIED IN PART**.  The Court orders that Mr. Macak comply with Plaintiffs' subpoena, but it does not order Mr. Macak to pay Plaintiffs' attorneys fees incurred in bringing their motion to compel at ECF No. 136.

BY THE COURT:

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE